### FINDLAY BREWING CO. v. GEORGE BROWN.

1. APPLICATION OF PAYMENT UPON CERTAIN ITEMS, WHERE PERSON PAYING DOES NOT DIRECT THE APPLICATION.

The fact that the law applies a payment upon an account to certain items where a person paying does not direct the application, does not determine the question whether such payment was intended as part payment of the account, or whether it was intended as a full payment of a certain item thereof.

2. SAME—PAYMENT MADE UNDER CIRCUMSTANCES WHICH WOULD SAVE THE RUNNING OF THE STATUTE OF LIMITATIONS AGAINST THE ACCOUNT.

Where a party in making a payment upon an account, indicates that it is a part payment of a recognized account, larger in amount than the payment, and it is so received, that is sufficient to save the whole account from the bar of the statute of limitations and to have this effect it is not necessary that the exact amount of the indebtedness shall be stated or recognized by the parties at time the payment is made; it is sufficient that it is to be applied upon a certain account of a larger amount than the payment.

ERROR to the Court of Common Pleas of Lucas county.

PARKER, J.

In the court of common pleas, Brown was plaintiff and the brewing company defendant. The action was there brought upon an account, the items of which were principally for the hauling of ice, though it also contained a few items for the hauling of coal. The account opens in April, 1886, the date of the first item being in that month, and reading: "April. To hauling twenty-one tons of coal from Ohio Central docks, at thirty-five cents per ton, $7.35." The next item is "May. To hauling lumber and ice two and one-half days at $3.50 per day, $8.75;" then comes "June. To thirty-two days hauling ice at $3.50 per day—"

and the amount carried out, and so the account runs, each item covering a month and the hauling being chiefly of ice at $3.50 per day, and the account closes with an item of " 1892. March. To hauling coal from Samuel Gaughan, sixty-five and one-half tons at twenty-five cents per ton, $16.38 ;" and the total amount, without interest, was $2,343.61. There were no items of credit entered upon that account, but it is conceded that the defendant below was entitled to a credit in an amount approximating $600. Also attached to the petition, as if it were a part of the same account, following right along after these items, comes what appears really to be an independent account opening in November, 1893, for coal sold by plaintiff below to the defendant. It appears from the record, however, and I believe it was conceded upon the trial, that all the items of that account had been paid; that the payments were equal to the amounts charged and that such payments were made distinctly upon that account and cancelled all the items thereof.

The answer was a general denial; the statute of limitations was also interposed as a bar; and the payments which were credited upon this account by the averments of the petition were denied, especially a payment of $60, made about December, 1891. If this payment of $60 had in fact been made, it would save the bar of the statute. If this payment had not in fact been made, the statute of limitations would bar the account.

Two questions are made here by the plaintiff in error: First. It is contended that the evidence shows that this payment was not in fact made ; that the weight of the evidence indicates that and, therefore, the verdict of the jury was wrong.

I shall not undertake to discuss the evidence, but we have considered it carefully, and while it leaves some doubt in our minds as to whether the conclusion of the jury was correct; while we feel, not having the witnesses before us and only having the record, that we might have arrived at a different conclusion ourselves, we are not prepared to say that the verdict is so manifestly against the evidence that we should disturb it. It is supported by the positive testimony of the plaintiff that he did make this payment at the time stated ; he states with particularity the circumstances and incidents of the payment and declares that he cannot be mistaken. On the other hand, he appears to be a man of somewhat uncertain recollection—his memory being impaired by age— and the books of account of the brewing company in which the book-keeper undertook to set down the payments that had been made show no such payment as this of $60; but, as I have said, we are not prepared to disturb the verdict on the ground that it is against the evidence.

It is also contended that even if this payment were made, it was not made under circumstances which would save the running of the statute of limitations against the account. The views of counsel for the plaintiff in error upon this question are set forth in a request to charge, in this language :

" When a payment is made on a running account, it will not have the effect to prevent the statute of limitations from running against each item of said account from the date thereof not satisfied by such payment. To entitle a party to maintain an action within six years from the date of said payment on all the items of said account, it must be shown that said account was at the time of the payment settled, and the amount due agreed upon and determined so as in effect to make it an account stated."

The court refused to give this in charge, and we think correctly; we think that it goes too far. But no complaint is made of the charge of the court; and, as it is interpreted by counsel for plaintiff in error, it says substantially what the court is asked to charge in this request. Perhaps it does not go quite so far. It is said by counsel for plaintiff in error that the charge is correct, but that the verdict of the jury is not in accordance with it—that the jury did not observe the charge.

According to the testimony of the plaintiff, when he received this $60 in payment he had no claim against the brewing company of any description except this account. It is clear that he had been working for the brewing company—hauling for them—a great many years, covering the period stated in the account; the fact that the brewing company was indebted to him for this hauling in an amount substantially the same as he was claiming, and as he now claims, was recognized by the managing agent or the manager of the brewing company—Mr. Purney. He testified on behalf of the plaintiff below, that at the time the plaintiff says this payment was made he (Purney) was aware of the fact that the brewing company was owing plaintiff between $1,700 and $1,800. At the time that the payment was made, according to the testimony of the plaintiff, nothing was said about the account or about the application of the payment, but he simply called for money, as he had been in the habit of doing when he had need of it, and that the amount he called for, $60, was paid to him.

We think that under the circumstances it must have been recognized by the person making payment on behalf of the company (either Purney or a person acting through his direction) as a payment upon this account amounting to from $1,700 to $1,800, and that it was so recognized by the plaintiff who received it is clear. It could not have applied upon any other account or claim that Brown had against the brewing company; it could not have been regarded as a payment in full upon this account, in view of the recognized liability and indebtedness of the brewing company for an amount so far in excess of the amount then paid.

Now the question is, was this intended as part payment of an account, or was it intended as a full payment of certain items of an account? The fact that the law applies a payment upon certain items where a person paying does not direct the application does not settle this question. We must look to the circumstances of the payment, and if they indicate that it was a part payment of a recognized account larger in amount than the payment, that is sufficient. In our opinion it was not necessary that the exact amount of the indebtedness should have been stated or recognized by the parties at the time the payment was made by the parties, it was sufficient that it was to be applied upon a certain account of a larger amount than the payment. And in so far as the charge of the court of common pleas goes beyond that and requires more we think that it was too favorable to the plaintiff in error; and that the verdict of the jury is supported by the evidence. And we believe, too, that this is consistent with the case of Bogart v. Cox, 2 Circ. Dec., 551, decided by the circuit court of Hamilton county, Ohio—opinion by Smith, J.—which is chiefly relied upon by counsel for plaintiff in error.

The judgment will be affirmed.

*H. F. Shunck* and *E. W. Tolerton,* for plaintiff in error.

*Parks Hone,* for defendant in error.